881 P.2d 345

**In the Matter of a Disbarred Member of the State Bar of Arizona, Thomas Keith ENGAN, Bar No. 010612, Respondent.**

No. SB–94–0066–D.
Comm. Nos. 89–1554, 89–1907, 90–0721 and 90–1846.

Supreme Court of Arizona.

Sept. 23, 1994.

Yigael M. Cohen, State Bar Counsel and Harriet L. Turney, Chief Bar Counsel, State Bar of Arizona, for the State Bar.

### JUDGMENT AND ORDER

This matter having come on for hearing before the Disciplinary Commission of the Supreme Court of Arizona, it having duly rendered its decision and no timely appeal therefrom having been filed, and the Court having declined sua sponte review,

IT IS ORDERED, ADJUDGED AND DECREED that **THOMAS KEITH ENGAN**, a disbarred member of the State Bar of Arizona, is hereby disbarred from the practice of law for conduct in violation of his duties and obligations as a lawyer, as disclosed in the commission report attached hereto as Exhibit A.

IT IS FURTHER ORDERED that **THOMAS KEITH ENGAN** shall pay restitution in the following amount(s) to the following individual(s):

| | |
|---|---|
| **Charles S. Frink** | **$300.00** |
| **Arthur Merino** | **$200.00** |

IT IS FURTHER ORDERED that **THOMAS KEITH ENGAN** shall comply with all applicable provisions of Rule 63, Rules of the Supreme Court of Arizona, and shall promptly inform this Court of his compliance with this Order as provided by Rule 63(d), Rules of the Supreme Court of Arizona.

IT IS FURTHER ORDERED that **THOMAS KEITH ENGAN** shall pay the costs of these proceedings in the amount of $730.80, together with interest at the legal rate from the date of this judgment.

14

BEFORE THE DISCIPLINARY
COMMISSION
OF THE
SUPREME COURT OF ARIZONA

Comm. Nos. 89–1554, 89–1907,
90–0721, 90–1846

In the Matter of
THOMAS KEITH ENGAN,
Attorney No. 010612
a Disbarred Member of the
State Bar of Arizona
RESPONDENT.

DISCIPLINARY COMMISSION REPORT

[Filed July 13, 1994]

This matter came before the Disciplinary Commission of the Supreme Court of Arizona on April 9, 1994, for review of the record on appeal, pursuant to Rule 53(d), Ariz.R.S.Ct. The Commission considered the Hearing Committee's recommendation of disbarment and restitution. No objections to the Hearing Committee's recommendation were filed.

### Decision

By a concurrence of the eight Commissioners considering this matter,[1] the Commission adopts the recommendation of the Hearing Committee that the respondent, Thomas K. Engan ("Engan"), be disbarred and that he make restitution to Client C in the amount of $300 and to Client D in the amount of $200. This restitution represents the fees these clients paid to Engan for which they received no services. The Commission also unanimously adopts the findings of fact and conclusions of law of the Hearing Committee.

### Facts

The complaint in this matter details Engan's mishandling of the cases of four different clients. In each case, Engan abandoned the client's case without warning.

Client A retained Engan in 1987 to defend her against charges of driving while intoxicated. Engan failed to provide adequate communication and diligent and competent representation, continuing Client A's trial date on several occasions without her permission or knowledge, and failing to appear at her trial. As a direct result of Engan's mishandling of Client A's case, warrants were issued for her arrest. After Client A retained new counsel, Engan failed to respond to that counsel's repeated requests to turn over her file, and ignored a subpoena duces tecum demanding the same.

In November 1989 Engan represented Client B in a domestic relations matter. The following month the court set a hearing to determine if Client B should be found in contempt for having paid the filing fee with a check returned for insufficient funds. The court subsequently discovered that the check for the filing fee was actually submitted by Engan. In addition, Engan failed to appear in court, despite the judge's order.

Engan was paid $300 by Client C to handle certain tickets. Thereafter, Engan failed to competently and diligently handle Client C's case, and failed to adequately communicate with him. Despite failing to perform any work, Engan never returned the $300 to Client C.

In 1987, Client D paid Engan $200 for representation in a possible class action suit by the client and other mine workers. Engan later informed Client D that there were not enough miners to make a class action viable. Although Engan told Client D that he would refund his retainer, he never returned the $200.

Engan failed to cooperate with the State Bar's investigation into each of these matters.

The complaint was filed on September 25, 1992, and, although Engan was located outside the state of Arizona, he accepted service by mail on December 17, 1992. Engan failed to respond, and the complaint was deemed

---

1. Commissioners Bonwell, Burlison, Goldsmith, and Malm did not participate in these proceedings. Douglas W. Seitz and Donald W. Hart participated as ad hoc lawyer members, and Jack Potts, M.D., participated as an ad hoc public member.

admitted.[2]  He was notified of his right to be heard in mitigation and, again, failed to respond.  The Committee's report was filed on January 18, 1994, and was served by mail. Engan was notified of the opportunity to object to the Committee's report and to file a statement on review before the Commission. He did not object, did not file a statement on review, and did not request oral argument before the Commission.

### Discussion of Decision

The Commission agrees with the Committee's finding that Engan violated ER 1.1, ER 1.2, ER 1.3, ER 1.4(a), ER 1.5, ER 1.15(a), ER 1.16(d), ER 3.5, ER 8.1, ER 8.4(d), and Supreme Court Rules 41(c) and 51(e), (h), and (i).

The American Bar Association's *Standards for Imposing Lawyer Sanctions* are used by the Court in considering the appropriate sanction for a violation of the Rules of Professional Conduct.  *In re Ockrassa,* 165 Ariz. 576, 799 P.2d 1350 (1990).  The Commission generally uses this guideline, as well.

In this matter, however, Engan's misconduct is so egregious as to render a detailed comparison to the Standards unnecessary. Engan accepted representation of numerous clients, then, without warning, stopped performing work for them.  His incompetence resulted in arrest warrants being issued for a client.  He ignored court orders and failed to appear at hearings.  He failed to return retainers to two clients for whom he performed no work.  In short, Engan abandoned his practice and clients without warning.  Engan's irresponsibility caused all of these clients to suffer injury.

In addition to such blatant misconduct is Engan's prior disciplinary record.  Engan was disbarred from the State Bar of Arizona in March 1992 for violating virtually the same ethical rules.  Prior to that, he was informally reprimanded in 1988.  Engan's current misconduct and prior discipline exhibit a longstanding pattern of indifference to his duties to clients, the public, the legal system, and the legal profession.  The Com-

mission finds that nothing short of a second disbarment is appropriate for this respondent.  In addition, the Commission recommends that Engan make restitution of $300 to Client B, and $200 to Client D.

RESPECTFULLY SUBMITTED this <u>6th</u> day of <u>June,</u> 1994.

> /s/  <u>Steven L. Bossé</u>
> Steven L. Bossé, Chairman
> Disciplinary Commission